UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

BRASHARD DELANEY,

        Plaintiff,

v.

UNKNOWN ALLEN et al.,

        Defendants.
_____/

Case No. 2:25-cv-182

Honorable Hala Y. Jarbou

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's First Amendment retaliation claims for failure to state a claim. The Court will also deny Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 3). Plaintiff's Eighth Amendment excessive force claims against Defendants Allen and John Doe #1, Eighth Amendment medical care claims against Defendants Allen and Howie, and state law claims for intentional infliction of emotional distress remain in the case.

**Discussion**

I.  **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following MBP staff: Lieutenant Unknown Allen, Corrections Officer Unknown Howie, and Corrections Officer Unknown Party #1, named as "John Doe #1." (Compl., ECF No. 1, PageID.3–4.)

Plaintiff alleges that he was moved to MBP after assaulting a staff member at another facility. (*Id.*, PageID.6.) He also explains that he is diabetic and, at the time of his transfer to MBP on August 30, 2024, at approximately 10:15 p.m. to 10:30 p.m., had not eaten for the day. (*Id.*)

Upon arriving at MBP, Plaintiff told a non-party nurse that he needed to see healthcare because he is diabetic and believed his sugar to be low. (*Id.*) He was then strip searched by Defendant Allen and non-party Sergeant Baldini. (*Id.*) During the search, Defendant Allen told Plaintiff, "You['re] in for a world hell here boy. . . Nurkala told us everything." (*Id.*) Plaintiff describes Nurkala as the Resident Unit Manager at the facility where Plaintiff had assaulted a staff member. (*Id.*) Plaintiff ignored Defendant Allen's comment and was taken to healthcare. (*Id.*, PageID.7.)

While in healthcare, Defendant John Doe #1 and non-party John Doe #5 entered the room. (*Id.*) A non-party nurse showed Plaintiff his blood glucose reading and told Defendant Allen, "He needs a snack bag. He's high risk and could go into a diabetic coma in his sleep." (*Id.*) Defendant Allen sad, "OK, I'll make sure he gets one." (*Id.*)

Shortly thereafter, while Plaintiff was being led out of healthcare to his housing unit, Defendant John Doe #1 stated, "Are we really going to get him a snack bag after he assaulted a C/O?" (*Id.*, PageID.8.) Defendant Allen didn't respond verbally. (*Id.*) Defendant John Doe #1

2

asked Plaintiff, "So, how dangerous are you?" (*Id.*) Plaintiff responded, "I'm not dangerous at all." (*Id.*) Plaintiff in turn asked Defendant John Doe #1, "How dangerous are you?" (*Id.*) To which Defendant John Doe #1 replied, "I'm about to show you!" (*Id.*) Defendant John Doe #1 then grabbed Plaintiff by his hair and yanked it three or four times so hard that Plaintiff's dreadlocks were torn from his head at the root. (*Id.*) Defendant Allen did not intervene. (*Id.*) Defendant John Doe #1 referenced Plaintiff's attack on another corrections officer before also kicking Plaintiff in the ankle. (*Id.*, PageID.9.)

Following Defendant John Doe #1's actions, Plaintiff asked Defendant Allen, "[T]hat's the second time he assaulted me[.] You['re] not going to say anything?" (*Id.*) Defendant Allen did not respond. (*Id.*)

Upon arriving at Plaintiff's cell, Plaintiff asked Defendant Allen, "Are you just going to let me get assaulted twice?" (*Id.*) Defendant Allen responded, "Shut the f*** up crying." (*Id.*)

Approximately thirty minutes later, Defendant Howie brought Plaintiff sheets. (*Id.*, PageID.9–10.) Plaintiff told Defendant Howie that he was a diabetic with low blood sugar and needed a snack bag. (*Id.*, PageID.10.) Defendant Howie responded, "I know the nurse already told Sgt. Allen." (*Id.*) Approximately thirty minutes later, Defendant Howie returned to Plaintiff's cell with two brown paper bags filled with hygiene items. (*Id.*) Plaintiff stated, "[t]his is not a snack bag." (*Id.*) Defendant Howie replied, "[H]e told you we was dangerous." (*Id.*)

On November 15, 2024, Plaintiff spoke with two other prisoners who informed him that a non-party Sergeant approached them and asked for assistance in getting "some retaliation" against Plaintiff. (*Id.*)

3

Plaintiff states that his complaint includes claims of excessive force, retaliation, and intentional infliction of emotional distress. (*Id..*, PageID.2.)[1] As relief for the events described in Plaintiff's complaint, Plaintiff seeks monetary damages and injunctive relief. (*Id.*, PageID.12.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

---

[1] Because Plaintiff specifically identifies the claims that he intends to bring in this suit, the Court does not construe Plaintiff's complaint to raise any other claims.

4

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    First Amendment Retaliation Claims

Plaintiff brings claims against Defendants for "[a]cts of retaliation." (Compl., ECF No. 1, PageID.2.) Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

Plaintiff states that the actions taken against him were done because he assaulted a corrections officer at a prior facility, not because he was engaged in protected conduct. As the Sixth Circuit explained in *Thaddeus–X*, "if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one" of the three-step retaliation analysis. *Thaddeus-X*, 175 F.3d at 394; *see Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (holding that insolence is not protected conduct for First Amendment purposes). Therefore, Plaintiff's claim fails to satisfy the first element necessary for a claim of First Amendment retaliation.

Moreover, even if Plaintiff did not violate any prison regulation, Plaintiff does not allege that any speech or conduct protected by the First Amendment prompted Defendants' actions. Plaintiff alleges that Defendant Allen told him that he was "in for a world [of] hell" because of what Defendant Allen had been told by the Resident Unit Manager at the facility where Plaintiff had assaulted a staff member (Compl., ECF No. 1, PageID.6), that Defendant John Doe #1 discussed Plaintiff's assault of a corrections officer before grabbing Plaintiff's hair and told him that if he assaulted one corrections officer, he assaulted each of them before kicking Plaintiff in the ankle (*id.*, PageID.8–9.) Even if this Court were to assume that Plaintiff's requests to officers for a snack and questions about their dangerousness was protected activity, Plaintiff's complaint contains no facts to plausibly suggest that Plaintiff's requests or questions prompted any adverse actions, thereby failing to satisfy the element of causation.

Accordingly, for each of the foregoing reasons, the Court will dismiss Plaintiff's First Amendment retaliation claim.

**B.     Eighth Amendment Claims of Excessive Force**

Plaintiff alleges that Defendant John Doe #1 used excessive force against Plaintiff while Defendant Allen stood by and watched, failing to intervene to prevent the use of excessive force. As relevant to excessive force claims, the Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'"

6

*Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011). Furthermore, an officer is liable for another officer's use of excessive force where the defendant "'observed or had reason to know that excessive force would be or was being used' *and* 'had both the opportunity and the means to prevent the harm from occurring.'" *Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013) (emphasis in original) (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)); *accord Alexander v. Carter ex rel. Byrd*, 733 F. App'x 256, 265 (6th Cir. 2018); *Partin v. Parris*, No. 17-6172, 2018 WL 1631663, at *3 (6th Cir. Mar. 20, 2018).

There is an objective component and a subjective component to this type of Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9–10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The objective component requires a "contextual" investigation that is "responsive to 'contemporary standards of decency.'" *Id.* at 8

(quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Although the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Accepting Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court will allow Plaintiff to proceed with his Eighth Amendment claims of excessive force and failure to intervene against Defendants John Doe #1 and Allen.

### C. Eighth Amendment Medical Care Claims

Plaintiff alleges that Defendants Allen and Howie denied Plaintiff a snack bag, which the non-party nurse confirmed was necessary due to Plaintiff's diabetic condition and low blood sugar. The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Estelle*, 429 U.S. at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A claim for the deprivation of adequate medical care under the Eighth Amendment has an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).

Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a

8

layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g., Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted), *abrogation on other grounds recognized by Lawler as next friend of Lawler v. Hardiman Cnty., Tenn.*, 93 F.4th 919 (6th Cir. 2024).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence. . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

9

Here, Plaintiff alleges that the non-party nurse told Defendant Allen that Plaintiff needed a snack bag to prevent Plaintiff from going into a diabetic coma and that Defendant Howie refused to give Plaintiff a snack bag even though he too was aware that Plaintiff needed one. Taking Plaintiff's allegations as true, the Court will allow Plaintiff to proceed with his Eighth Amendment medical care claims against Defendants Howie and Allen.

D.  **State Law Claims**

Plaintiff also states that "intentional infliction of mental and emotional pain has also been and currently is being inflicted on the plaintiff." (Compl., ECF No. 1, PageID.2.) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants intentionally inflicted mental and emotional pain upon Plaintiff therefore fails to state a claim under § 1983.

Further, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, because at least one federal claim remains against each Defendant at this stage, the Court will exercise supplemental jurisdiction over Plaintiff's state law claim.

**III.     Motion for Temporary Restraining Order and Preliminary Injunction**

With his complaint, Plaintiff filed a motion for a temporary restraining order and preliminary injunction, seeking to "ensure [Plaintiff] is not continuously retaliated against by staff under defendants['] direction." (ECF No. 3, PageID.23.) However, Plaintiff fails to allege any facts that would suggest that the named Defendants have caused Plaintiff to suffer unlawful retaliation as part of the events alleged in the complaint, let alone since those events occurred.

Preliminary injunctions are "'one of the most drastic tools in the arsenal of judicial remedies.'" *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Nader*, 230 F.3d at 834. These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also S. Galzer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) ("[T]hese are factors to be balanced, not prerequisites to be met."); *Nat'l Viatical, Inc. v. Universal Settlements Int'l, Inc.*, 716 F.3d 952, 956 (6th Cir. 2013) (same); *Ne. Ohio Coal.*, 467 F.3d at 1009 (same); *Nader*, 230 F.3d at 834 (same). "But even the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement.'" *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326–27 (6th Cir. 2019) (quoting *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)).

Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 286 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 & n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978). Preliminary injunctions are not favored, and a movant is not necessarily entitled to such relief, even if the movant has shown likelihood of success on the merits. *Benisek v. Lamone*, 585 U.S. 155, 158 (2018).

Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff has not made such a showing as it relates to his request for a preliminary injunction, particularly where Plaintiff's First Amendment retaliation claims will be dismissed for failure to state a claim.

Second, the presence of irreparable harm is not evident. A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *See Overstreet*, 305 F.3d at 578; *see also D.T. et al. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326 (6th Cir. 2019) (holding that, absent a showing of irreparable harm, a preliminary injunction is not appropriate, regardless of the strength of the other factors). Plaintiff has not set forth specific facts showing an immediate, concrete and irreparable harm in the absence of an injunction.

Finally, the interests of identifiable third parties and the public at large weigh against an injunction. Decisions concerning prison security are vested in prison officials, in the absence of a

constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover*, 855 F.2d at 286–87. That showing has not been made here. Accordingly, Plaintiff's request for temporary restraining order and preliminary injunction will be denied.

### Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis.* Having conducted the review required by the PLRA, the Court determines that Plaintiff's First Amendment retaliation claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also deny Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 3.) Plaintiff's Eighth Amendment excessive force claims against Defendants Allen and John Doe #1, Eighth Amendment medical care claims against Defendants Allen and Howie, and state law claims for intentional infliction of emotional distress remain in the case.

An order consistent with this opinion will be entered.

Dated: September 9, 2025               /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE